Thank you, Your Honor. And may it please the court, Pam Peterson on behalf of Axon Enterprise, and I would like to attempt to reserve three minutes for rebuttal. Axon presents substantial constitutional challenges to FTC structures and procedures which frame the system by which a party presents its claims, which this court held en banc in Veterans for Common Sense is different from consideration of individual merits decisions in an administrative case. Yet, the district court's dismissal order subjects Axon to the very system that it contends is unconstitutional before having its claims decided by an Article III court, even though it is undisputed that Axon's constitutional claims do not challenge any FTC order, do not require agency interpretation of any statute or rule the FTC is charged with enforcing, do not seek any remedy under the FTC Act, apply equally to all Part III merger respondents, and do not depend on the antitrust merits of Axon's or any other administrative case consistent with this court's precedents. The key jurisdictional question is whether the substance of the constitutional claim presented is inextricably intertwined with the individual administrative merits determinations. That is, in this court's words, are the constitutional claims generally collateral? And here they are. There can be no doubt that Axon's dual-layer removal challenge to the FTC's ALJs presents a substantial Article II constitutional claim. In a series of Supreme Court cases, starting with Free Enterprise and then Lucia, and most recently in Celia Law, it's clear that these are, as the district court stated, substantial and topical issues. And it's important to note that there is, I think, a shift that has happened in the court's reasoning of these cases post-Lucia. All of the SEC ALJ cases that the district court and the FTC relies on are pre-Lucia, and I think that's an important point. And you'll see that just last fall, the Fifth Circuit, in the Cochran v. SEC case, granted a stay of the SEC administrative proceedings, pending decision of really the same dual-layer constitutional ALJ challenge in the SEC context as what Axon presents here. And just this year- For that claim, wouldn't the harm to Axon only occur, if the ALJ gives you an adverse ruling? No, Your Honor, because the constitutional harm is being subjected to an unconstitutional, structured process, and having the ALJ, who's an unconstitutional officer, presiding over your case. That is harm that the Supreme Court just said in Cecilia Law, right, is hearing now injury in an Article II context. And so it's harm that would be incurred throughout the entire administrative case if it's not treated as a threshold constitutional issue decided by the district court. And it's harm that simply cannot be remedied after the fact by an appellate court, because it already has occurred. And so at that point in time, the only thing that a court of appeals can do is to remand for a complete redo of the proceedings in front of a constitutionally appointed and removable officer. And that doesn't undo the constitutional harm that has already occurred. But hasn't the Supreme Court in Thunder Basin and Standard Oil essentially said that's not enough of a harm being subjected, because at the end of the day, as long as you get meaningful judicial review by an Article III court, that's sufficient. I sympathize with your plight, and I think it raises substantial issues here, but you're also bound by the framework that the Supreme Court has set here. Well, Afsan's injury is far more than the substantial burden and expense of litigation, which was what the court in Standard Oil held. And of course, in Standard Oil, there was no pattern and practice or structural constitutional claim at all. So it wasn't addressing the same kind of issue that is presented here. The harm here is being subjected to the unconstitutional process with an unconstitutional presiding officer that, as I said, cannot be remedied after the fact. And I think that going back to the, I was starting to say the Third Circuit decision in this circle case just this year really sets the proper framework here. And that was an Article II challenge to a Social Security Administration administrative law judge, and there the Third Circuit rejected any notion that claimants must exhaust structural constitutional challenges even when the agency lacks authority to decide them as a patent misreading of Elgin and inconsistent with free enterprise. And so I think there are a number of SEC ALJ cases out there that frankly got it wrong because they really did not look at the key jurisdictional issue about whether or not the constitutional claims are wholly collateral and independent of anything to do with the administrative merits. And Elgin there refused, it did refuse a carve-out or a blanket exception for facial constitutional challenges, but that's a far cry from holding, which it did not do, that all facial constitutional challenges must await administrative review even when there's no entanglement with administrative merits. Council, I have a question. The framework I'm looking at this as is, we have Elgin and free enterprise are two ends of the spectrum, and the duty for us is to figure out if this case is closer to Elgin or closer to free enterprise. Is that the right framework that I should be looking at it? Yeah, I think when you look at Elgin, your honor, that is the poster child case for a constitutional claim totally being intertwined with the administrative merits, right? I mean, the Supreme Court specifically says that it's hard from being wholly collateral suit that in that case, there was a challenge to a covered employment action brought by a covered employee requesting relief under the statute. And so that really was the framework in which Elgin was decided. Free enterprise, on the other hand, is this case. It really is controlling and it's indistinguishable. It's an article two claim that resolved on the merits and jurisdictionally. And I would note that on the jurisdictional question that the Supreme Court was unanimous. And I think it's really important here that in free enterprise, the court was looking at a statutory review scheme, the SEC scheme, which is the counterpart and the most clearly applicable one to the FTC section 45. And there's a lot of cases to talk about and the FTC has acknowledged that it is nearly identical in those schemes. And in that case, the Supreme Court specifically said that the 78Y did not provide an exclusive route to review and that it did not, the text of the statute, again, it's the same thing as section 45, did not expressly or implicitly digress the district court of jurisdiction. And the court talks about in- Council, I have a question about that. Does the fact that the FTC doesn't have exclusive jurisdiction over the Clayton Act and antitrust claims that the DOJ can administer and as well as I believe state AGs, does that impact the step one analysis at all? Yeah, because of course, the key question is whether there's discernible congressional intent. And so of course, in free enterprise, they said, nope, it's not expressed, it's not implicit. And of course, there isn't any legislative history either, like you have in Thunder Basin and in Elgin, where Congress expressly was trying to eliminate district court suits because of kind of the floodgate issue, which is simply not relevant here. And I think that's right, that although we're not certainly challenging that there's dual jurisdiction between the DOJ and the FTC, but it's the way in which they arbitrarily divide up those claims that clearly has outcome determinative effects if you end up in the FTC administrative route in their own home court, as is clearly with the 25 year history of undisputed 100% win rate there. But I think back to your honor's question, it really is, there was never an intention by Congress to consolidate this type of enforcement of administrative claims in the FTC. I mean, just the dual jurisdiction with the DOJ proves that and of course, as you say, it's State's Attorney General and other people also have jurisdiction over these types of antitrust matters. And so when you look at the structure, the text, the legislative history here, there really is nothing to indicate that Congress intended to strip district court jurisdiction of these claims when they're structural, and when they don't have anything to do with the administrative merits, which there's been absolutely no assertion here that it does. And so we're really in a situation where it would be clearly an odd procedure at minimum. If Congress had the intent to make a party wait through the entire administrative process, when the, it's clear that the FTC does not have authority or jurisdiction, I'm sorry, authority or expertise or even competence, as the court said in free enterprise to decide these constitutional claims. And these are- And counsel, in fact, if you prevail within their administrative claim, is there any way to challenge these constitutional claims? Right, I mean, the FTC wants to say, oh, well, it's mooted if you somehow win. Well, A, you don't win in the FTC's administrative court, but B, it's not mooted. If you somehow recklessly would win in that forum, you would then have absolutely no remedy. You'd have no way to even go up on appeal to ever get to an Article III court to bring this constitutional claim, which is why these things are made review all of the time. And when you lose- And so I'm clear, you're saying the injury, you sustained the injury on day one, essentially, when FTC contacted Axon. Well, we certainly, when the clearance decision happened and we ended up having to go with the FTC, and then, of course, during the investigation process, they served us with a civil investigatory demand and all of those types of things, as happened in Celia Law. They're certainly standing at that point, and there is district court jurisdiction. This claim would never see the light of day. There is no meaningful review. I mean, eventual review is clearly not meaningful review, but on that claim, Your Honor, there isn't even eventual review because it's not part of the FTC Act. This is this uncodified black box process. I'm sorry, could you clarify for me, so when exactly does Axon sustain the injury for the clearance claim? For the clearance claim, I would submit that as soon as you get put into the FTC's bucket, which then determines your destiny from there on forward. So is that the pre-enforcement negotiations or is that only at the, once you're in the enforcement action? I think once the clearance decision is made, that you have to go the FTC route as opposed to the DOJ route, which gets you to a neutral Article III court and completely different standards and whatnot, and you've got some really situated companies that are being put in completely different processes for the same type of conduct. So is that only the injury is on as soon as FTC contacts Axon, in your view? Well, as soon as they start an actual investigation and you've been served with the CID, certainly by that point, and in civil law, that's sort of the point where the Supreme Court said they're standing. You have to get so far down the process that I think jurisdiction is there, but you have to have standing at a certain point. And so when we got to the point certainly where the FTC not only issued the civil and investigatory demands. Isn't your complaint about the black box process really just another way to complain about the FTC process itself? Well, it is a pattern and practice claim, basically, right? It is a Fifth Amendment claim, both due process and equal protection, that this is an arbitrary process that is done without rational basis, and which is something that Congress never anticipated. It falls completely outside of the FTC. You assume under the Thunder Basin factors that the FTC process is constitutional, is permissible, then I don't see what the harm is that the executive branch has discretion between choosing one constitutional process, which is filing a lawsuit in district court, or another constitutional process, which is the FTC administrative process. The black box process, it seems to me, is essentially swallowed into whether the FTC administrative procedure has a constitutional flaw. Well, I think that in terms of the clearance process, Your Honor, it falls outside the statutory scheme completely. And because it does, I mean, it's undisputed, right? It is not part of any statute, or rule, or regulation. And so because it's a tolerable constitutional claim, that those allegations on a motion to dismiss on jurisdictional grounds needs to be accepted as true, it creates this Fifth Amendment issue. And it's one in which this Court of Appeals would not have jurisdiction at all, because under the Lateef decision in this court, I mean, that's gonna be based on the specific types of claims that are considered to be covered in the FTC review scheme. And because it's not part of that scheme, it's not covered. So the only way that that claim can ever see the light of day is in federal district court, and that's where it should be. I would like, I'm right out of time here, but I do need to reserve a little bit for rebuttal. Thank you so much. I have a question that I'd like to ask you. I understand you're depending upon the three cases from the Supreme Court. Do you have any other circuit that has so ruled in your favor that we can look at? You have a sympathetic situation, but where do you get the basis for that? Yeah, well, and Judge, certainly the whole trilogy analysis is not one that we buy into. And in fact, there's no Ninth Circuit decision at all that ever views those cases as somehow a trilogy that has to be harmonized or discusses them in the same case at all. But there's Ninth Circuit precedent, Your Honor, that is important here, not in this specific context, but certainly in the Gephardt and the city of Rialto decisions, the court explains that it retains jurisdiction over broad challenges to an agency's unconstitutional practices or procedures that are not based on individual merits. And then in both the Latif, the Veterans for Common Sense and the Racinto case, which are both before and after Elgin, those cases find that facial constitutional challenges are appropriate. And again, that determining factor is whether or not they require an assessment of individual merits. And in those cases, they didn't. And so jurisdiction was. Thank you. We'll give you two extra minutes for rebuttal. Thank you, Your Honor. May it please the court, Danny Laguilar for the Federal Trade Commission and its commissioners. The district court here correctly held that Axon's claims, which challenged the administrative proceeding that is still ongoing in the FTC, are subject to channeling from the FTC to the courts of appeals under the Supreme Court's decisions in Thunder Basin and Elgin. And that decision was correct. The FTC scheme establishes an exclusive channel of statutory review. The FTC, much as the Department of Labor in Thunder Basin has the choice of whether to bring administrative proceedings in the district court or administratively. And just like in Thunder Basin, there, the Department of Labor said, we're about to file an administrative proceeding against you. The plaintiff went to district court, subsequently joined that proceeding, alleging due process violations. And the Supreme Court said, no, you must raise those claims in the administrative proceeding. And then if you're ultimately aggrieved, seek judicial review in the court of appeals. And that's exactly what we have here. Now, then Axon tries to say that its claims are somehow meaningfully different from that because they raise a broad facial constitutional challenge. That was the exact same kind of claim that the Supreme Court considered in Elgin. There was people who had been fired from government service and they sought to challenge their firing because it was based on failure to register for the draft. And they said that violates equal protection because it only applies to men and not women. And there- That's a different case though. I mean, that goes to the merits of the firing of whether or not the firing violated equal protection. They're arguing here that the very structure of FTC's clearance process and going to the FTC is the violation. That's very different than Elgin. I mean, it's a different kind of claim, but it's not different for a jurisdictional analysis, right? And what the Supreme Court said in Thunder Basin and Elgin is you looked at three kinds of factors about whether a claim should be channeled, right? Can you receive meaningful judicial review? Is it wholly collateral? And can the agency bring its expertise to bear on it? And all three of those factors are satisfied here. First of all, nobody disputes that at the end of the day, if Axon is ultimately agreed by an order of the FTC, it can seek judicial review in the court of appeals. But- They're arguing though that the injury they sustain at least happens once they receive a CID from FTC. And, you know, in the off chance they prevail before the FTC, how can they appeal that question? Well, I mean, if their claim is that, so if you look at their prayer for relief at page ER-151, it doesn't say anything about the CID or seeking relief from that, right? Their claim for relief is we want the administrative proceedings enjoined and we want a declaration that our acquisition of the other company was lawful and that the FTC structure is unlawful, right? So they're not actually challenging anything related to the CID or the investigation. You can assume that they are. Oh, sorry, Your Honor. Yeah, go ahead, assume that they are. Assume that they are, that's really no different than what was happening in either Thunder Basin or FTC versus Standard Oil, right? So in Thunder Basin, they're saying, you're forcing us to post information to our employees. And if we don't do that, you're going to bring an administrative proceeding. So we're going to sue you in district court to allege that that violates our due process rights. Supreme Court said that kind of claim that what the agency's doing even before the administrative proceeding is going to begin is subject to the channeling because what you're ultimately saying is we don't wanna have to post this, that will then engender a new administrative proceeding that can result in a final order subject to judicial review. And similarly, in FTC versus Standard Oil, right? They're the claim that was that the entire administrative proceeding was a sham, that the FTC didn't have a quote unquote reason to believe, which is statutorily required to initiate the administrative proceeding, that it was subject to political pressure. What the Supreme Court said there is that is not final agency action, which is required for you to come to district court. Instead, what you're challenging is the mere initiation of an enforcement proceeding, and that is different in kind from anything else that we've considered as harm that can be final agency action under the APA. And what this court has said in a number of cases also that investigations, pre-enforcement proceedings are quintessentially different from anything else that's considered final agency action. It's not the kind of- So how do you distinguish this case from free enterprise then which seems to be pretty close on point? I don't think so, your honor, because the critical difference as each of the courts of appeals that have decided similar cases after free enterprise have held is that in free enterprise bond, the plaintiffs there were not subject to any enforcement proceeding, right? There, it was that they were being regulated by the public company accounting oversight board, and they sought to challenge it solely on the basis of the removal provisions at play. Well, I think in free enterprise, wasn't the accounting board starting to investigate the firm? That's what led to the lawsuit. And isn't that the same situation here? Go ahead. Sure, sorry, your honor. The Supreme Court didn't discuss the final agency action requirement. What it said was, is the argument that has been suggested to us is that the free enterprise bond plaintiffs, even though they are not part of an enforcement proceeding, need to willfully incur a violation in order to enter into proceeding or challenge the board rule at random, because there, the statutory scheme right only applied to final orders of the Securities and Exchange Commission. So how does that not apply here? I mean, the only way Axon can challenge the clearance process then is if they lose before the FTC. Isn't that correct? And what the Supreme Court in Elgin said is that is exactly the point, right? That's the third factor. If I can explain, your honor, because it's not immediately intuitive, but what the Supreme Court explained is the third factor is, can the agency bring its expertise to bear on a particular question? Well, I'm just talking about the meaningful appeal factor, though. You would agree that if Axon prevailed before the FTC, they can't appeal the clearance process, right? Correct, they wouldn't be aggrieved of a final order. The point of the meaningful judicial review is if you are aggrieved, then can you seek meaningful review? Well, yeah, but they're saying the aggrievement happens when they're subjected to FTC's investigation. Right, but that's the same thing that was happening in Thunder Basin, right? But even if, assume that that's all true, right? What the Supreme Court said in Elgin is, let's assume that you can't bring any of these kind of claims within the proceedings that issue there, the Merit Systems Protection Board proceedings. Let's assume that the agency can't decide your constitutional claim at all. Nevertheless, the agency may rule for you on other grounds. And the fact that the agency may moot judicial review by finding in your favor warrants the requirement that you pursue administrative proceedings, not perform an end run around it. That's with similarly the reasoning in FTC versus Standard Oil, right? You have to wait for a final decision. And if it's adverse to you, then seek review. But until then, there's been no substantive harm that will get you to this court. I mean, and that's what this court held in the follow-on case, Ukiah Valley Medical Center, right? There, the claim was, the FTC doesn't even have jurisdiction over us. It can't bring any administrative proceedings whatsoever. And what this court squarely held was, no, that is a challenge to the ongoing enforcement proceeding. You have to wait for a final agency order in order to seek judicial review. And those are- Wait, one second. To each other. Go ahead, Judge Murthy. It's a follow-up question. Just real quick, on that agency expertise question, what is the agency expertise that FTC would bring to bear on the clearance process claim? It's not about even the clearance process claim or the constitutional claim. What the Supreme Court explained in Elgin was, it's about threshold questions, right? So the threshold question here clearly is, has Axon violated the FTC Act or the antitrust laws, right? If the FTC says, no, you have not violated those, there is no order to be able to- But the Supreme Court in Free Enterprise said exact same question of separation of powers, of removal powers, that the agency has no expertise on that and ruled in favor of that, that the third factor weighed in favor of the challenging party, though. So to the extent that Free Enterprise Fund is saying that the agency doesn't have expertise on constitutional issues, I commend the court to look to page 15 of Elgin, which was decided two years later, which said- But Elgin couldn't have self-cilentio just overruled Free Enterprise. And the Free Enterprise language is very clear and says the agency has no expertise on constitutional issues of removal power, and therefore, that factor weighs in favor in that context. So I understand Elgin says that, but perhaps Elgin is limited more to the facts, because I can't see how the Supreme Court, two years later, would essentially overrule Free Enterprise without even mentioning it. Well, I don't think it's an overruling, Your Honor. It's a clarification. And as I said before, the critical difference in Free Enterprise Fund, right, is that there were no administrative proceedings. What the Supreme Court said is, we're not going to force you to bet the farm, to willfully incur a violation, or to challenge a board rule at random, merely to enter into the statutory review scheme. And if you- But here, that's- How would you weigh the Thunder Basin factors? So we have three factors. Say the first factor, meaningful judicial review, favors FTC. And say the other two factors, the collateral and the agency expertise, favors Axon. How do we weigh these Thunder Basin factors? Well, I'm not sure exactly how to weigh them, but I think what both the DC Circuit and the 11th Circuit have held in the DC Circuit's decision in Tarkizi, the 11th Circuit's decision in Hill, I've said it's the most important factor is meaningful judicial review, right? Can you ultimately prevail on these kinds of claims? In the cases that Axon was citing previously, of Celia Law or Lucia, those were jurisdictionally proper cases, right? In Lucia, they went through the administrative proceedings, they presented their claims, they went to the Court of Appeals, Supreme Court, and prevailed. And what the Supreme Court said is, we can provide you a meaningful remedy. And you hearing before, a constitutionally appointed adjudicator. And similarly in Celia Law, most recently, that wasn't an administrative proceeding case, right? The CFPB brought that enforcement actions to court. So a lot of the cases that Axon is relying on don't address this channeling question under Thunder Basin or the final agency action question under Standard Oil, right? They're all addressing or tangentially related issues. They're not addressing the square jurisdictional holdings of the Supreme Court that this report properly applied here. Council, they filed for suit though, before administrative proceedings were initiated in this case. So how is that not the free enterprise situation? Because there was no impending enforcement proceeding, right? That's what makes that different. Under Thunder Basin, they filed before- Does that matter? I mean, don't we look at what happens at the time they filed and there was no administrative proceeding? Just because FTC later started proceedings, that doesn't negate their claim. Well, what the- At the time it was filed. It doesn't negate their claim, but look at what their claim for relief was. It wants a declaration that, this is a ER 151, the administrative procedures are unconstitutional. It wants to enjoin the FTC and its commissioners from pursuing an administrative enforcement action against Axon. The relief it's seeking and the claims it's basing on are directed at an enforcement proceeding. And similarly the 11- If you take their clearance process, if they're saying that the clearance, it violates the constitution to make them go through, to the FTC through the clearance process, how does, that is a remedy to that claim. If they're challenging the clearance process, and again, they haven't alleged anything in their prayer for relief that's actually directed at that. Let's assume that they present that through the agency proceedings. And let's assume that they pursue that on appeal if they're agreed by final order. What this court or another court could say, if they agree on the merits is you're correct and we'll order a meaningful remedy. We'll order a dismissal of the proceedings or some such thing. But what they can't do is perform an end run around the statutory scheme that Congress has created, which says when the FTC is initiating administrative proceedings, you await a final order of those proceedings. And if you are aggrieved, then pursue judicial review in the courts of appeals. And so what their claims are addressed at is the administrative proceedings, right? They claim that those will violate due process and that the separation of powers are involved. The only reason they can raise the separation of powers challenge to the ALJ is because they are in administrative proceedings. And this is what the 11th circuit said. And this is what the 11th circuit said in Hill too, right? Is that even though they're the plaintiff filed a district court lawsuit before the SEC was able to start proceedings, we aren't gonna make this into a race to the courthouse to see who can file first or who can initiate it first. Look to what the claims are directed at. And here their claims only occur because they are in administrative proceedings, right? And that is the channel by which they can seek review. Even if you think that the agency here can't decide the facial constitutional claims, which is what the Supreme Court assumed in Elgin. Nevertheless, the agency can decide the threshold claims. The claims are not wholly collateral to the administrative process because they seek relief from it and they can obtain meaningful judicial review in the course of appeals, which is exactly what the 11th circuit held in LabMD versus FTC, right? That was a challenge to FTC administrative proceedings saying that it will violate due process and it violates my first amendment rights because it's in retaliation. And there the 11th circuit, much like the district court here said, you have two problems wrong with your claim. Is first is it must be channeled under the FTC Act. And secondly, you have not challenged final agency action, which again is the holding of this court in Ukiah Valley Medical Center, which challenged an FTC enforcement proceeding by saying that the FTC had no authority to initiate that proceeding against it. I'm happy to answer any other questions that the court has, but the district court's decision here is well-reasoned and is consistent with the decisions of the 2nd, 4th, 7th, 11th, and DC circuits. And it's consistent with the Supreme Court's decisions in Thunder Basin, Elgin, FTC versus Standard Oil, and is meaningfully distinguishable from what the Supreme Court rejected in Fair Enterprise Fund, because here plaintiffs can avail themselves of the administrative proceedings where they are already a party. Thank you. Thank you, Your Honor. I know time is limited, but I need to make several quick points. First is that there is no final agency action required as to these claims. Exxon's constitutional claims do not arise under the APA. They arise directly under the constitution, and so that's just really not an issue, which was exactly the situation in Free Enterprise as well. And Your Honor is correct that we were in exactly the same procedural posture as the Free Enterprise plaintiffs when we filed suit. In both cases, investigations were ongoing, but enforcement actions had not yet been filed. And in that case, and I think it's critical that, because one of the, I think, mistakes that some of the ALJ SEC cases make is this whole focusing on the bit, the form type of language from Free Enterprise, when in actuality, there was a second low cost, low risk option, this whole challenging aboard rule that would have provided a vehicle for them to get in front of the SEC and have the claim processed. And so there was an alternative option there that did present a vehicle, but because that would be considered by the court as an odd procedure, it was not required. And so I think that it really is distinguishable on that run and it's critical that in Free Enterprise, the court specifically says that equitable relief has long been recognized as the proper means for preventing entities from acting unconstitutionally. And that it is established supreme court practice to sustain federal court jurisdiction, to issue injunctions, to protect the rights safeguarded by the constitution. And those rights here can only be protected if these are treated as threshold constitutional issues. But when you go to the federal district court and you try to seek an injunction of administrative proceedings, you have to meet a standard, you have to establish reasonable success on the merits. And irreparable injury. And so in those circumstances, you can meet those standards, the administrative proceedings should be stayed, there should be an injunction and those things, but the court here didn't decide our motion for preliminary injunction because it decided in the first instance it didn't have jurisdiction. And that decision was an error and we would request that this court reverse it and remand for decision on the merits, finding that the district court does in fact have jurisdiction over these structural constitutional claims. Thank you, the case has been submitted.
judges: Siler, Lee, Bumatay